IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CV-107-D

| | |
|---|---|
| SONYA PERRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAMLICO COUNTY, and ROBERT S. ) <br> JOHNSON, Individually/Personally and in ) <br> his official capacity as Director of the ) <br> Pamlico County Division of Social Services, ) <br> BETSY STRAG, Individually/Personally and ) <br> in her official capacity as a supervisor and or ) <br> employee of Pamlico County Department of ) <br> Social Services, ) <br> ) <br> Defendants. ) | **ORDER ON BILL OF COSTS** |

This matter is before the undersigned on the motion to tax costs [DE-76] filed by defendants Pamlico County, Robert S. Johnson, and Betsy Strag (collectively, "defendants"). Plaintiff Sonya Perry failed to file any objections, and the time for doing so has expired. See Local Civil Rule 54.1(b)(1). This matter is therefore ripe for determination. For the reasons stated below, the motion is granted in part.

## BACKGROUND

On February 18, 2015, the court granted the defendants' motions for summary judgment, and entered judgment in their favor [DE-75]. Defendants timely filed the motion to tax costs on March 3, 2015.

## DISCUSSION

Defendants seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise,

costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendants seek recovery of $3,971.36 in costs from plaintiff.

More specifically, Defendants request $2,874.66[1] in costs associated with deposition transcripts. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed as costs. 28 U.S.C. § 1920(2). Defendants submitted court reporter invoices for five transcripts and declared, through counsel, that the costs were necessarily incurred in this action [DE-76-2]. Moreover, the docket reveals that defendants submitted excerpts from the depositions in support of the motions for summary judgment, or the depositions were of witnesses identified by plaintiff. Accordingly, the undersigned finds that the transcripts were necessarily obtained for use in the case.

The invoices submitted by defendants, however, include charges for shipping and handling, exhibit fees, witness letters, and document printing. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing any of these charges. See Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Hexion v. Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C., June 27, 2012) (disallowing costs for shipping and postage); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a)

---

[1] Defendants do not seek costs in the amount of $488 for expediting two transcripts.

2

specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). These non-taxable costs in the amount of $316.55 are disallowed, and defendants are awarded the remainder of $2,558.11 in costs for printed transcripts.

Defendants also seek $1,096.70 in copy costs. Title 28, United States Code Section 1920(4) allows for fees exemplification and copies of papers necessarily obtained for use in the case. The Fourth Circuit has explained that "§ 1920(4) encompasses discovery-related costs," and is not limited to only "materials attached to dispositive motions or produced at trial." Country Vintner of North Carolina, LLC v. E&J Gallo Winery, Inc., 718 F.3d 249, 257-58 (4th Cir. 2013). Nevertheless, the cost of copies made solely for convenience of counsel are generally not taxable under 28 U.S.C. § 1920(4). See Fells v. Virginia Dep't of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009). Accordingly, "[t]he burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Kelly v. Int'l Bhd. of Teamsters, Local Union 71, No. 4:11CV-1268-RBH, 2014 WL 1366038, at *3 (D.S.C. Apr. 7, 2014) (quoting Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)). Here, defendants submitted a tabulation of the number of the claimed copies. Defendants do not state, however, what documents were copied, nor the purpose of the copies. Without this information, the undersigned is unable to discern whether the copies were necessarily obtained for use in this case. See Simmons v. O'Malley, 235 F. Supp. 2d 442, 444 (D. Md. 2002). Accordingly, the request for copy costs in the amount of $1,096.70 is disallowed.

## CONCLUSION

In summary, as the prevailing party, defendants' bill of costs [DE-76] is allowed in part and disallowed in part. Defendants are awarded costs in the amount of $2,558.11 for deposition

transcripts pursuant to 28 U.S.C. § 1920(2). These costs are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 19th day of October 2015.

*Julie Richards Johnston*
Julie Richards Johnston
Clerk of Court